B 27 (Official Form 27) (12/09)

# UNITED STATES BANKRUPTCY COURT
Southern District of Indiana

In re RHONDA SUSAN LATHROP,                Case No. 14-07226
                    *Debtor*                Chapter 7

## REAFFIRMATION AGREEMENT COVER SHEET

This form must be completed in its entirety and filed, with the reaffirmation agreement attached, within the time set under Rule 4008. It may be filed by any party to the reaffirmation agreement.

1. Creditor's Name: TEACHERS CREDIT UNION

2. Amount of the debt subject to this reaffirmation agreement:
   $ 15,072.91 on the date of bankruptcy    $ 15,072.91 to be paid under reaffirmation agreement

3. Annual percentage rate of interest:   2.95  % prior to bankruptcy
   2.95 % under reaffirmation agreement ( ✓ Fixed Rate ___ Adjustable Rate)

4. Repayment terms (if fixed rate):  $ 254.86 per month for 64 months

5. Collateral, if any, securing the debt:  Current market value: $ 14,500.00
   Description: 2013 KIA SOUL

6. Does the creditor assert that the debt is nondischargeable? ___ Yes ✓ No
   (If yes, attach a declaration setting forth the nature of the debt and basis for the contention that the debt is nondischargeable.)

### Debtor's Schedule I and J Entries

7A. Total monthly income from  $ 2446.66
    Schedule I, line 16

8A. Total monthly expenses   $ 2424.71
    from Schedule J, line 18

9A. Total monthly payments on  $ 0
    reaffirmed debts not listed on
    Schedule J

### Debtor's Income and Expenses as Stated on Reaffirmation Agreement

7B. Monthly income from all         $ 2446.66
    sources after payroll deductions

8B. Monthly expenses               $ 2476.91

9B. Total monthly payments on      $ 0
    reaffirmed debts not included in
    monthly expenses

10B. Net monthly income            $ (24.25)
    (Subtract sum of lines 8B and 9B from
    line 7B.  If total is less than zero, put the
    number in brackets.)

B27 (Official Form 27) (12/09)                                                                                                    Page 2

11. Explain with specificity any difference between the income amounts (7A and 7B):

    N/A

12. Explain with specificity any difference between the expense amounts (8A and 8B):

    N/A

If line 11 or12 is completed, the undersigned debtor, and joint debtor if applicable, certifies that any explanation contained on those lines is true and correct.

_____          _____
Signature of Debtor (only required if          Signature of Joint Debtor (if applicable, and only
line 11 or 12 is completed)                          required if line 11 or 12 is completed)

**Other Information**

[X] Check this box if the total on line 10B is less than zero. If that number is less than zero, a presumption of undue hardship arises (unless the creditor is a credit union) and you must explain with specificity the sources of funds available to the Debtor to make the monthly payments on the reaffirmed debt:

Debtor has cut back on other expenses and can afford the car. Also, reaffirmed car payment is $24.36 less than what Debtor thought.

Was debtor represented by counsel during the course of negotiating this reaffirmation agreement?
[X] Yes     ___ No

If debtor was represented by counsel during the course of negotiating this reaffirmation agreement, has counsel executed a certification (affidavit or declaration) in support of the reaffirmation agreement?
[X] Yes     ___ No

**FILER'S CERTIFICATION**

I hereby certify that the attached agreement is a true and correct copy of the reaffirmation agreement between the parties identified on this Reaffirmation Agreement Cover Sheet.

_Kris J. Selle_
Signature

_Kris J. Selle_ _Creditor_
Print/Type Name & Signer's Relation to Case

B240A/B ALT(Form 240A/B ALT) (12/11)

☒ **Presumption of Undue Hardship**
[ ] **No Presumption of Undue Hardship**
Check as directed in Part D: Debtor's Statement in Support of Reaffirmation Agreement.)

# United States Bankruptcy Court
## Southern District of Indiana

In re RHONDA SUSAN LATHROP            Case No.14-07226

                                      Chapter 7

# REAFFIRMATION AGREEMENT

*[Indicate all documents included in this filing by checking each applicable box.]*

☑ Part A: Disclosures, Instructions, and Notice to Debtor (Pages 1-5)

☑ Part D: Debtor's Statement in Support of Reaffirmation Agreement

☑ Part B: Reaffirmation Agreement

[ ] Part E: Motion for Court Approval

☑ Part C: Certification by Debtor's Attorney

*[Note: Complete part E only if debtor was not represented by an attorney during the course of negotiating this agreement. Note also: If you complete Part E, you must Prepare and file Form240C ALT – Order on Reaffirmation Agreement.]*

Name of Creditor:  Teachers Credit Union

[X] Creditor is a Credit Union as defined in §19(b)(1)(a)(iv) of the Federal Reserve Act

## PART A: DISCLOSURE STATEMENT, INSTRUCTIONS AND NOTICE TO DEBTOR

**1.    DISCLOSURE STATEMENT**

*Before Agreeing to Reaffirm a Debt, Review These Important Disclosures:*

### SUMMARY OF REAFFIRMATION AGREEMENT

This Summary is made pursuant to the requirements of the Bankruptcy Code.

**AMOUNT REAFFIRMED**

The amount of debt you have agreed to reaffirm:              $ 15,072.91

*The amount of debt you have agreed to reaffirm, includes all fees and costs (if any) that have accrued as of the date of this disclosure.  Your credit agreement may obligate you to pay additional amounts which may come due after the date of this disclosure. Consult your credit agreement.*

**Form 240A/B ALT – Reaffirmation Agreement (Cont.)**
<u>ANNUAL PERCENTAGE RATE</u>

*[The annual percentage rate can be disclosed in different ways, depending on the type of debt.]*

 a. If the debt is an extension of "credit" under an "open end credit plan," as those terms are defined in § 103 of the Truth in Lending Act, such as a credit card, the creditor may disclose the annual percentage rate shown in (i) below or, to the extent this rate is not readily available or not applicable, the simple interest rate shown in (ii) below, or both.

 (i) The Annual Percentage Rate disclosed, or that would have been disclosed, to the debtor in the most recent periodic statement prior to entering into the reaffirmation agreement described in Part B below or, if no such periodic statement was given to the debtor during the prior six months, the annual percentage rate as it would have been so disclosed at the time of the disclosure statement: _____%.

— And/Or —

 (ii) The simple interest rate applicable to the amount reaffirmed as of the date this disclosure statement is given to the debtor: <u>**2.95%**</u>. If different simple interest rates apply to different balances included in the amount reaffirmed, the amount of each balance and the rate applicable to it are:

$ _____ @ _____%;
$ _____ @ _____%;
$ _____ @ _____%.

 b. If the debt is an extension of credit other than under an open end credit plan, the creditor may disclose the annual percentage rate shown in (i) below, or, to the extent this rate is not readily available or not applicable, the simple interest rate shown in (ii) below, or both.

 (i) The Annual Percentage Rate under §128(a)(4) of the Truth in Lending Act, as disclosed to the debtor in the most recent disclosure statement given to the debtor prior to entering into the reaffirmation agreement with respect to the debt or, if no such disclosure statement was given to the debtor, the annual percentage rate as it would have been so disclosed: _____%.

— And/Or —

 (ii) The simple interest rate applicable to the amount reaffirmed as of the date this disclosure statement is given to the debtor: <u>**2.95%**</u>. If different simple interest rates apply to different balances included in the amount reaffirmed,

2

**Form 240A/B ALT – Reaffirmation Agreement (Cont.)**

the amount of each balance and the rate applicable to it are:

$ _____ @ _____ %;
$ _____ @ _____ %;
$ _____ @ _____ %.

   c. If the underlying debt transaction was disclosed as a variable rate transaction on the most recent disclosure given under the Truth in Lending Act:

The interest rate on your loan may be a variable interest rate, which changes from time to time, so that the annual percentage rate disclosed here may be higher or lower.

   d. If the reaffirmed debt is secured by a security interest or lien, which has not been waived or determined to be void by a final order of the court, the following items or types of items of the debtor's goods or property remain subject to such security interest or lien in connection with the debt or debts being reaffirmed in the reaffirmation agreement described in Part B.

| Item or Type of Item | Original Purchase Price or Original Amount of Loan |
|---|---|
| 2013 KIA SOUL | $ 17,416.17 |

*Optional---At the election of the creditor, a repayment schedule using one or a combination of the following may be provided:*

**Repayment Schedule:**

Your first payment in the amount of $ _____ is due on _____ (date), but the future payment amount may be different. Consult your reaffirmation agreement or credit agreement, as applicable.

---*Or*---

Your payment schedule will be: **64** payments in the amount of **$254.86**, each, payable monthly on the **15ᵀᴴ** day of each month, unless altered later by mutual agreement in writing.

---*Or*---

A reasonably specific description of the debtor's repayment obligations to the extent known by the creditor or creditor's representative.

3

Form 240A/B ALT – Reaffirmation Agreement (Cont.)

## 2. INSTRUCTIONS AND NOTICE TO DEBTOR

**Reaffirming a debt is a serious financial decision.** The law requires you to take certain steps to make sure the decision is in your best interest. If these steps are not completed, the reaffirmation agreement is not effective, even though you have signed it.

1. Read the disclosures in this Part A carefully. Consider the decision to reaffirm carefully. Then, if you want to reaffirm, sign the reaffirmation agreement in Part B (or you may use a separate agreement you and your creditor agree on).

2. Complete and sign Part D and be sure you can afford to make the payments you are agreeing to make and have received a copy of the disclosure statement and a completed and signed reaffirmation agreement.

3. If you were represented by an attorney during the negotiation of your reaffirmation agreement, the attorney must have signed the certification in Part C.

4. If you were not represented by an attorney during the negotiation of your reaffirmation agreement, you must have completed and signed Part E.

5. The original of this disclosure must be filed with the court by you or your creditor. If a separate reaffirmation agreement (other than the one in Part B) has been signed, it must be attached.

6. If the creditor is not a Credit Union and you were represented by an attorney during the negotiation of your reaffirmation agreement, your reaffirmation agreement becomes effective upon filing with the court unless the reaffirmation is presumed to be an undue hardship as explained in Part D. **If the creditor is a Credit Union and you were represented by an attorney during the negotiation of your reaffirmation agreement, your reaffirmation agreement becomes effective upon filing with the court.**

7. If you were not represented by an attorney during the negotiation of your reaffirmation agreement, it will not be effective unless the court approves it. The court will notify you and the creditor of the hearing on your reaffirmation agreement. You must attend this hearing in bankruptcy court where the judge will review your reaffirmation agreement. The bankruptcy court must approve your reaffirmation agreement as consistent with your best interests, except that no court approval is required if your reaffirmation agreement is for a consumer debt secured by a mortgage, deed of trust, security deed, or other lien on your real property, like your home.

4

Form 240A/B ALT – Reaffirmation Agreement (Cont.)

## YOUR RIGHT TO RESCIND (CANCEL) YOUR REAFFIRMATION AGREEMENT

You may rescind (cancel) your reaffirmation agreement at any time before the bankruptcy court enters a discharge order, or before the expiration of the 60-day period that begins on the date your reaffirmation agreement is filed with the court, whichever occurs later. To rescind (cancel) your reaffirmation agreement, you must notify the creditor that your reaffirmation agreement is rescinded (or canceled).

**Frequently Asked Questions:**

What are your obligations if you reaffirm the debt? A reaffirmed debt remains your personal legal obligation. It is not discharged in your bankruptcy case. That means that if you default on your reaffirmed debt after your bankruptcy case is over, your creditor may be able to take your property or your wages. Otherwise, your obligations will be determined by the reaffirmation agreement which may have changed the terms of the original agreement. For example, if you are reaffirming an open end credit agreement, the creditor may be permitted by that agreement or applicable law to change the terms of that agreement in the future under certain conditions.

Are you required to enter into a reaffirmation agreement by any law? No, you are not required to reaffirm a debt by any law. Only agree to reaffirm a debt if it is in your best interest. Be sure you can afford the payments you agree to make.

What if your creditor has a security interest or lien? Your bankruptcy discharge does not eliminate any lien on your property. A "lien" is often referred to as a security interest, deed of trust, mortgage or security deed. Even if you do not reaffirm and your personal liability on the debt is discharged, because of the lien your creditor may still have the right to take the security property if you do not pay the debt or default on it. If the lien is on an item of personal property that is exempt under your State's law or that the trustee has abandoned, you may be able to redeem the item rather than reaffirm the debt. To redeem, you make a single payment to the creditor equal to the current value of the security property, as agreed by the parties or determined by the court.

**NOTE:** When this disclosure refers to what a creditor "may" do, it does not use the word "may" to give the creditor specific permission. The word "may" is used to tell you what might occur if the law permits the creditor to take the action. If you have questions about your reaffirming a debt or what the law requires, consult with the attorney who helped you negotiate this agreement reaffirming a debt. If you don't have an attorney helping you, the judge will explain the effect of your reaffirming a debt when the hearing on the reaffirmation agreement is held.

5

Form 240A/B ALT – Reaffirmation Agreement (Cont.)

## PART B: REAFFIRMATION AGREEMENT.

I (we) agree to reaffirm the debts arising under the credit agreement described below.

1. Brief description of credit agreement:

   SIMPLE INTEREST CONTRACT

2. Description of any changes to the credit agreement made as part of this reaffirmation agreement:

SIGNATURE(S):

Borrower: *[signature]*
Rhonda S. Lathrop

Date 09/19/2014

Co-Borrower, if also reaffirming these debts: _____

Date: _____

Accepted by creditor:

Teachers Credit Union
110 S. Main Street
South Bend, IN 46601

/s/ Kris J. Selle
Kris J. Selle, Collection Manager

Date of creditor acceptance: August 12, 2014

6

**Form 240A/B ALT – Reaffirmation Agreement (Cont.)**

**PART C: CERTIFICATION BY DEBTOR'S ATTORNEY (IF ANY).**

*(To be filed only if the attorney represented the debtor during the course of negotiating this reaffirmation agreement.)*

I hereby certify that (1) this agreement represents a fully informed and voluntary agreement by the debtor; (2) this agreement does not impose an undue hardship on the debtor or any dependent of the debtor; and (3) I have fully advised the debtor of the legal effect and consequences of this agreement and any default under this agreement.

☒ *[Check box, if applicable and the creditor is not a Credit Union.]* A presumption of undue hardship has been established with respect to this agreement. In my opinion, however, the debtor is able to make the required payment.

Printed Name of Debtor's Attorney: Mark S. Zuckerberg

Signature of Debtor's Attorney: _____

Date: 9-15-14

7

**Form 240A/B ALT – Reaffirmaton Agreement (Cont.)**
**PART D: DEBTOR'S STATEMENT IN SUPPORT OF REAFFIRMATION AGREEMENT**

*[Read and complete sections 1 and 2, __OR__, if the creditor is a Credit Union and the debtor is represented by an attorney, read section 3.  Sign the appropriate signature line(s) and date your signature. If you complete sections 1 and 2 and your income less monthly expenses does not leave enough to make the payments under this reaffirmation agreement, check the box at the top of page 1 indicating "Presumption of Undue Hardship."  Otherwise, check the box at The top of page 1 indicating "No Presumption of Undue Hardship:]*

1. I believe this reaffirmation agreement will not impose an undue hardship on my dependents or me. I can afford to make the payments on the reaffirmed debt because my monthly income (take home pay plus any other income received) is $ __2746.66__, and my actual current monthly expenses including monthly payments on post-bankruptcy debt and other reaffirmation agreements total $ __2323.05__, leaving $ __326.61__ to make the required payments on this reaffirmed debt.

I understand that if my income less my monthly expenses does not leave enough to make the payments, this reaffirmation agreement is presumed to be an undue hardship on me and must be reviewed by the court. However, this presumption may be overcome if I explain to the satisfaction of the court how I can afford to make the payments here: Debtor has cut back on other expenses. Also the reaffirmed car payment is $24.35 less than what Debtor thought.
**(Use an additional page if needed for a full explanation.)**

2. I received a copy of the Reaffirmation Disclosure Statement in Part A and a completed and signed reaffirmation agreement.

Signed: _[signature scribble]_____
         Rhonda S. Lathrop (Debtor)

         _____
         (Joint Debtor, if any)

Date: _____

--- OR ---

*[If the creditor is a Credit Union and the debtor is represented by an attorney]*
3. I believe this reaffirmation agreement is in my financial interest. I can afford to make the payments on the reaffirmed debt.  I received a copy of the Reaffirmation Disclosure Statement in Part A and a completed and signed reaffirmation agreement.

Signed: _Rhonda Lathrop_ (*)
         Rhonda S. Lathrop (Debtor)

         _____
         (Joint Debtor, if any)

Date: _09/19/2014_

8

# Retail Installment Contract and Security Agreement

IN-102 11/11/2012

**Seller Name and Address:**
RAY SKILLMAN GMC TRUCK INC.
8424 U.S. 31 SOUTH
INDIANAPOLIS IN 46227

**Buyer(s) Name(s) and Address(es):**
RHONDA S LATHROP
348 EAST TROY AVENUE
INDIANAPOLIS IN 46225

**Summary No.:** 
**Date:** 09/01/2013

☐ Business, commercial or agricultural purpose Contract.

## Truth-In-Lending Disclosures

| Annual Percentage Rate | Finance Charge | Amount Financed | Total of Payments | Total Sale Price |
|---|---|---|---|---|
| The cost of your credit as a yearly rate | The dollar amount the credit will cost you | The amount of credit provided to you or on your behalf | The amount you will have paid when you have made all scheduled payments | The total cost of your purchase on credit, including your down payment of $4000.00 |
| 3.18 % | $ 1823.33 | $ 17291.17 | $ 19114.50 | $ 23114.50 |

**Payment Schedule.** Your payment schedule is:

| No. of Payments | Amount of Payments | When Payments are Due |
|---|---|---|
| 75 | $ 254.86 | MONTHLY BEGINNING: 09/15/2013 |
| N/A | N/A | N/A |
| N/A | N/A | N/A |

**Security.** You are giving a security interest in the Property purchased.

**Late Charge.** If all or any portion of a payment is not paid within 10 days of its due date, you will be charged a late charge of $10.00. This amount may change pursuant to Indiana Code §§ 24-4.5-3-105 and 24-4.5-7-203 so as to always be the maximum amount permitted by law.

**Prepayment.** If you pay off this Contract early, you ☐ may ☒ will not have to pay a Minimum Finance Charge.

**Contract Provisions.** You can see the terms of this Contract for any additional information about nonpayment, default, any required repayment before the scheduled date, and prepayment refunds and penalties.

## Description of Property

| Year | Make | Model | Body | Vehicle Identification Number | Odometer Mileage |
|---|---|---|---|---|---|
| 2013 | KIA | SOUL | | | 3 |
| New/Used/Demo | N/A | | SDR MGR BASE R | KNDJT2A5XD7765408 | |

## Description of Trade-In
2003 CHRYSLER PT CRUIS 3C4FY58B73T537839

## Conditional Delivery
☐ Conditional Delivery. If checked, you agree that the following agreement regarding securing financing ("Agreement") applies: N/A

The Agreement is part of this Contract. The Agreement will no longer be of any effect after the assignment is accepted, if there are any conflicts between the terms of the Agreement and the Contract, the terms of this Contract will apply.

## Itemization of Amount Financed

| | |
|---|---|
| a. Price of Vehicle, etc. (incl. sales tax of $ 973.90) | $ 19136.98 |
| b. Service Contract, paid to | |
| AUTOGUARD | $ 1589.00 |
| c. Cash Price (a+b) | $ 20725.98 |
| d. Trade-in allowance | $ 4000.00 |
| e. Less Amount owing, paid to (include in f) | $ N/A |
| f. Net trade-in (d-e, if negative, enter 0) here and enter the amount on line j) | $ 4000.00 |
| N/A | $ N/A |
| g. Cash payment | $ N/A |
| h. Manufacturer's rebate | $ N/A |
| i. Deferred down payment | $ N/A |
| j. Other down payment (source) | $ N/A |
| N/A | $ N/A |
| k. Down Payment (f+g+h+i+j) | $ 4000.00 |
| l. Unpaid balance of Cash Price (c-k) | $ 16725.98 |
| m. Paid to public officials, including filing fees | $ 1.25 |
| n. Total Other Charges/Amts Paid (in itemiz) | $ 464.69 |
| DOCUMENTARY FEE | $ 99.25 |
| N/A | $ N/A |
| LOAN PROCESSING FEE | $ 125.00 |
| N/A | $ N/A |
| Prepaid Finance Charge | $ 590.19 |
| N/A | $ 125.00 |
| o. Amount Financed (l+m+n) | $ 17291.17 |

We may retain or receive a portion of any amounts paid to others.

## Insurance Disclosures
Credit Insurance. Credit life and credit disability insurance and health insurance are not required to obtain credit and are not a factor in the credit decision. We will not provide them unless you sign and agree to pay the additional premium. If you want such insurance, we will obtain it for you by quoting the premium. We're quoting these only the coverages you have chosen to purchase.

Credit Life
☒ Single ☐ Joint ☐ None
Premium $ ___ Term N/A

Credit Disability
☐ Single ☐ Joint ☒ None
Premium $ N/A Term N/A

Insured: RHONDA S. LATHROP  Term 75 MONTHS
Your signature means you want (only) the insurance coverage(s) quoted above. If none is quoted, you have declined coverage.

[signature] 08/27/1955
By: _____ DOB
N/A
By: _____ DOB
N/A

Property Insurance. You must insure the Property. You may purchase the required insurance from any insurance company you choose or provide it through an existing policy owned or controlled by you. If the insurance you obtain through us is not reasonably acceptable to us, in the additional coverage deductibles may be included.
$ 500.00 if you get insurance from or through us it will be for ___ of coverage
$ N/A for N/A of coverage

The premium is calculated as follows:
☐ $ N/A Deductible, Collision Cov. $ N/A
☐ $ N/A Deductible, Comprehensive $ N/A
☐ $ N/A Fire-Theft and Combined Additional Cov. $ N/A
☐ $ N/A
Liability insurance coverage for bodily injury and motor vehicle damage caused to others is not included in this Contract unless checked and indicated.
☐ Single-Interest Insurance. You must purchase single-interest insurance as part of the sale transaction. You may purchase the coverage from a company of your choice reasonably acceptable to us. If you buy the coverage from or through us, you will pay $ N/A for N/A of coverage.

## Sales Agreement

Payment. You promise to pay us the principal amount of:
$ 17415.17
balance at the rate of 2.95 % per year from the date of this Contract until paid in full. Finance charges accrue on a 365 day basis.

You agree to pay the Contract according to the payment schedule and late charge provisions shown in the Truth-in-Lending Disclosures. You also agree to pay any additional amounts according to the terms and conditions of this Contract.

Down Payment. You also agree to pay or apply to the Cash Price, on or before the date of this Contract, any cash, rebate and net trade-in we've described in the Itemization of Amount Financed.

☐ Minimum Finance Charge. You agree to pay a minimum finance charge of $ N/A if you pay this Contract in full before we have earned that much in finance charges.

## Additional Protections
You may buy any of the following voluntary protection plans. They are not required to obtain credit, are not a factor in the credit decision, and are not a factor in the terms of the credit or the related sale of the Vehicle. The voluntary protections will not be provided unless you sign and agree to pay the additional cost.

Your signature below means that you want the described item and that you have received a copy of the contract(s) for the product(s). The coverage or charges given to us from you have been picked by such coverage as offered.

☒ Service Contract
Term 120 MONTHS/125000 MILES
Price $ 1589.00
Coverage AUTO GUARD
[signature]  08/01/2013
By: _____  Date

☐ Gap Waiver or Gap Coverage
Term N/A
Price $ N/A
Coverage N/A
By: _____  N/A
                          Date

☐ N/A
Term N/A
Price $ N/A
Coverage N/A
By: _____  N/A
                          Date

## Signature Notices
The Annual Percentage Ratio may be negotiable with the Seller. The Seller may assign this Contract and retain its right to receive a part of the Finance Charge.

## Signatures
Entire Agreement. Your and our entire agreement is contained in this Contract. There are no unwritten agreements regarding this Contract. Any change to this Contract must be in writing and signed by you and us.

By: [signature] Rhonda Lathrop  08/01/2013
                                Date
By: _____  N/A
                          Date

Notice to Buyer. 1 Do not sign this Contract before you read it or if it contains any blank spaces. 2 You are entitled to a completely filled-in copy of this Contract.

By signing below, you agree to the terms of this Contract. You received a copy of the Contract and fully understand it to read and review before you signed it.

Buyer [signature] Rhonda Lathrop  08/01/2013
                                  Date
By: _____  N/A
                          Date

Seller [signature]  08/01/2013
                    Date

## Assignment
Assignment. This Contract and Security Agreement is assigned to: TCI LENDING AGENCY, LLC PO BOX 1395
SOUTH BEND IN 46624-1395 ☐ No Assignment ☒ With Assignment ☐ Under the terms of the Assignment by Seller on page 2 ☐ This Assignment is made with recourse.

Seller _____ By _____  08/01/2013
                                                 Date

Original

# STATE OF INDIANA
## CERTIFICATE OF TITLE FOR A VEHICLE  8/20/2013

| MAKE | MODEL NAME | YEAR | VIN | |
|---|---|---|---|---|
| KIA | SOUL | 2013 | KNDJT2A5XD7765408 | |

| TITLE TYPE | FORMER TITLE/STATE | PURCHASE DATE | BODY TYPE | ISSUE DATE |
|---|---|---|---|---|
| NORMAL | C OF O/IN | 08/01/13 | 4W | 08/14/13 |

USAGE TAX PAID $973.98

ODOMETER/BRAND 000003/ACTUAL

BRAND(S)

**OWNER(S) NAME**
RHONDA S LATHROP
348 E TROY AVE
INDIANAPOLIS IN 462252410

**MAILING ADDRESS**

TCU LENDING AGENCY LLC
PO BOX 1395
SOUTH BEND IN 466241395

**ADDITIONAL OWNER(S)**

POSITION:

**FIRST LIENHOLDER**
TCU LENDING AGENCY LLC
PO BOX 1395
SOUTH BEND IN 466241395

LIEN RELEASED BY: X

PRINTED NAME: _____ POSITION: _____
DATE: _____

**SECOND LIENHOLDER**

LIEN RELEASED BY: X

PRINTED NAME: _____ POSITION: _____
DATE: _____

**THIRD LIENHOLDER**

LIEN RELEASED BY: X

PRINTED NAME: _____ POSITION: _____
DATE: _____

The Commissioner of the Bureau of Motor Vehicles, pursuant to the laws of the State of Indiana, certifies that the vehicle/watercraft has been duly titled and the owner of the described vehicle/watercraft is subject to the liens set forth.

**INDIANA BUREAU OF MOTOR VEHICLES**
R. Scott Waddell, Commissioner

TITLE NUMBER 13784164000136

F3972182

DO NOT ACCEPT TITLE SHOWING ANY ERASURES, ALTERATIONS OR MUTILATIONS